IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RONDA LYNNETTE SHORT EVANS :

v. : Civil Action No. DKC 14-1994

BENEFICIAL FINANCIAL I, INC., et al. :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this consumer lending case are a motion to dismiss filed by Defendant Beneficial Financial I, Inc. (“Beneficial” or “Defendant”) (ECF No. 20), and a motion for leave to file an amended complaint filed by *pro se* Plaintiff Ronda Lynette Short Evans (“Plaintiff” or “Ms. Evans”) (ECF No. 28). The issues have been fully briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Defendant’s motion to dismiss will be granted, and Plaintiff’s motion for leave to file an amended complaint will be denied.

## I. Background

### A. Factual Background

On December 27, 2005, Plaintiff obtained a home mortgage refinance loan from Beneficial Mortgage Company of Maryland[1] in

[1] Plaintiff entered the original loan agreement with Beneficial Mortgage Company of Maryland. The parties agree that Beneficial Financial I Inc. is the successor in interest to

the amount of $393,997.28, secured by a Deed of Trust against property located at 503 Cretia Place, Upper Marlboro, Maryland ("the Property").[2] (*See* ECF No. 2-1 & ECF No. 20-2). The loan was used to satisfy a preexisting mortgage loan on the Property; a Certificate of Satisfaction for the preexisting loan was recorded on February 16, 2006. (*See* ECF No. 20-3). Plaintiff defaulted on the loan and on December 16, 2013, Beneficial initiated a foreclosure action against Plaintiff in the Circuit Court for Prince George's County.[3] (*See* ECF No. 20-5).

On December 20, 2013, Beneficial sold Plaintiff's loan to LSF8 Master Participation Trust. A "Notice of Sale of Ownership of Mortgage Loan," dated January 9, 2014, was sent to Plaintiff, informing her that the loan was sold to LSF8 Master Participation Trust and that Caliber Home Loans, Inc.

---

Beneficial Mortgage Company of Maryland by way of merger. (*See* ECF No. 2 ¶ 3 & ECF No. 20-1, at 3).

[2] Plaintiff attaches as an exhibit to her complaint the December 27, 2005 loan agreement, but not the Deed of Trust. In her complaint, however, Plaintiff asserts that "[t]he Deed of Trust is recorded in the land records of Prince George's County, Maryland." (ECF No. 2 ¶ 8). Defendant attaches a copy of the Deed of Trust as an exhibit to its motion to dismiss, and it may be considered because it is a matter of public record and is incorporated by reference in the complaint. *See Terry v. Mortgage Electronic Registration Systems, Inc.*, Civ. Action No. 8:13-cv-00773-AW, 2013 WL 1832376, at *2 n.1 (D.Md. Apr. 30, 2013).

[3] Plaintiff states in her complaint that her former husband's signature was on the Deed of Trust, but he has been "[q]uit [c]laim [d]eeded off [] the Deed of Trust." (EC No. 2 ¶ 8).

("Caliber") became the new loan servicer. (ECF No. 2-2). On January 16, 2014, Beneficial mailed Plaintiff its own notice, informing her to send to Caliber all payments due on or after February 1, 2014. (ECF No. 2-5). On February 12, 2014, Caliber sent a letter to Plaintiff titled, "Important Information Regarding the Servicing of Your Mortgage Loan." (ECF No. 2-6, at 1). The letter confirmed that the servicing of Plaintiff's mortgage loan was transferred from Beneficial to Caliber, and as of February 1, 2014, Plaintiff should begin sending mortgage loan payments to Caliber. (*Id.* at 1-2). On February 18, 2014, Caliber sent a letter to Plaintiff informing her that as of February 13, 2014, she had an outstanding debt of $555,013.76 on her mortgage. (ECF No. 2-7).

**B. Procedural History**

On May 7, 2014, Plaintiff filed a complaint in the District Court of Maryland for Prince George's County, naming as Defendants Fisher Law Group, PLLC ("Fisher"), Caliber Home Loans, Inc. ("Caliber"), and Beneficial. (ECF No. 1). Plaintiff asserted breach of contract and fraudulent misrepresentation claims against Beneficial. (ECF No. 2, at 13-15). Plaintiff further alleged that Caliber and Fisher each violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. (ECF No. 2, at 15-17). On June 20, 2014, the three defendants jointly filed a notice of removal, citing

diversity jurisdiction as the jurisdictional basis.[4] (ECF No. 1).

Defendants Caliber and Fisher each answered the complaint.[5] (ECF Nos. 12 & 15). Beneficial moved to dismiss the complaint on July 25, 2014. (ECF No. 20). Plaintiff was provided with a *Roseboro* notice (ECF No. 21), which advised her of the pendency of the motion to dismiss and her entitlement to respond within seventeen (17) days from the date of the letter. *Roseboro v. Garrison,* 528 F.2d 309, 310 (4th Cir.1975) (holding *pro se* plaintiffs should be advised of their right to file responsive material to a motion for summary judgment). Plaintiff opposed the motion (ECF No. 24), and Beneficial replied (ECF No. 25).

On September 22, 2014, Plaintiff moved for leave to amend her complaint. (ECF No. 28) Beneficial opposed the motion for leave to amend, (ECF No. 29), and Plaintiff replied (ECF No. 30).

---

[4] At the same time that Plaintiff filed her action in state court, she filed an identical complaint in this court. *Evans v. Beneficial Financial I Inc. et al.*, No. 14-1515 (D.Md. July 16, 2014). Plaintiff acknowledged that the actions "are identical, containing the same assertions, parties, and legal claims." On July 16, 2014, this Court issued an order to consolidate, informing the parties that Civil Action No. DKC 14-1994 will proceed, and Civil Action No. 14-1515 will be dismissed. (ECF No. 17). Beneficial states in its motion to dismiss that it seeks dismissal of all claims against it in *both* actions, but Civil Action No. 14-1515 already has been closed.

[5] Plaintiff filed a response to Caliber's answer. (ECF Nos. 22& 23).

## II. Analysis

### A. Defendant's Motion to Dismiss

#### 1. Statute of Limitations

Beneficial argues that Plaintiff's breach of contract and fraudulent misrepresentation claims are barred by Maryland's three-year statute of limitations for common law claims. (ECF No. 20-1, at 10-11).

The statute of limitations is an affirmative defense that a party typically must raise in a pleading under Fed.R.Civ.P. 8(c) and is not usually an appropriate ground for dismissal. *See Eniola v. Leasecomm Corp.,* 214 F.Supp.2d 520, 525 (D.Md.2002); *Gray v. Mettis,* 203 F.Supp.2d 426, 428 (D.Md.2002). Nevertheless, dismissal may be proper "when the face of the complaint clearly reveals the existence of a meritorious affirmative defense." *Brooks v. City of Winston–Salem, N.C.,* 85 F.3d 178, 181 (4th Cir.1996); *see also Rice v. PNC Bank, N.A.,* No. PJM 10–07, 2010 WL 1711496, at *3 (D.Md. Apr.26, 2010) (dismissing as untimely claims under the Truth in Lending Act on motion to dismiss). A plaintiff is under no obligation to plead facts in a complaint to show the timeliness of her claims. The burden is on the party asserting the defense to plead and prove it. *See Newell v. Richards,* 323 Md. 717, 725, 594 A.2d 1152 (1991) ("As a general rule, the party raising a statute of limitations defense has the burden of proving that the cause of

action accrued prior to the statutory time limit for filing suit.”).

Plaintiff asserts in the complaint that Beneficial breached the December 27, 2005 loan agreement and made fraudulent misrepresentations in connection with the loan agreement. (ECF No. 20-1, at 11). Beneficial argues that the loan agreement was executed on December 27, 2005, thus Plaintiff had until December 27, 2008 to file the breach of contract and fraudulent misrepresentation claims within Maryland’s three-year statute of limitations. (*Id.*). Plaintiff responds that her agreement with Beneficial constitutes a “specialty” under Maryland law, and therefore a twelve-year statute of limitations applies to her breach of contract and fraud claims under Md. Code, Courts and Judicial Proceedings § 5-102. (ECF No. 24-1, at 1-2).

In Maryland, the default statute of limitations for civil actions is three years “unless another provision of the Code provides a different period of time.” Md. Code Ann., Cts. & Jud. Proc. § 5-101. C.J. § 5-102(a) provides for a twelve-year statute of limitations in regard to actions “on” specialties, including promissory notes and contracts under seal. *See also Willis v. Bank of America Corp.*, Civ. Action No. ELH-13-02615, 2014 WL 3829520, at *13 (D.Md. Aug. 1, 2014). As Judge Hollander explained in *Willis*:

> In determining whether § 5-102’s twelve-year

> limitations period is available to plaintiff, a two-step inquiry is required: (1) Is the contract a specialty? (2) Is the cause of action "on" the specialty? *Wellington Co., Inc. Profit Shar. Plan and Trust v. Shakiba*, 180 Md.App. 576 (2008). "'Whether a particular action is on a sealed instrument must depend on the character of the action; in order to be within the statute relating to sealed instruments, the action must be brought on the instrument itself. . . .'" *Id.* (*quoting* 54 C.J.S. *Limitations of Actions* § 54, at 90 (1987)).

A specialty "is a well-known term of the common law which in Maryland and elsewhere by judicial decision denotes a legal instrument under seal." *General Petroleum Corp. v. Seaboard Terminals Corp.,* 19 F.Supp. 882, 883–84 (D.Md. 1937); s*ee also The Wellington Co., Inc. Profit Sharing Plan & Trust v. Shakiba,* 180 Md.App. 576, 601–02 (2008); *Attorney General of Maryland v. Dickson,* 717 F.Supp. 1090, 1104 (D.Md. 1989).

Plaintiff attached as an exhibit to her complaint the December 27, 2005 loan agreement which does *not* appear to contain a seal. (*See* ECF 2-1). The Deed of Trust securing the loan agreement is notarized and sealed in five different places, however. (ECF No. 20-2, at 6-8). Thus, the Deed of Trust may qualify as a specialty under Maryland law. *See, e.g., Pac. Mortg. and Inv. Grp. v. Horn*, 100 Md.App. 311, 321-22 (1994) (holding that, under Maryland law, a mortgage note can be an instrument under seal.). Plaintiff states in her complaint that Beneficial "never perfected a security interest in []

Plaintiff's mortgage [] because it never loaned funds, but instead exchanged [] the loan agreement for a check, which can be redeemed for Federal Reserve[] Bank Notes." (ECF No. 2 ¶ 9). She further contends that Beneficial "knew it was not going to credit or loan any funds, but instead exchange [the] loan agreement [] for the cash received from the Note being pledged at the Federal Reserve." (*Id.* ¶ 13). Thus, Plaintiff believes that Beneficial "did not fulfill the Loan Agreement." (*Id.* ¶ 14).

Although not entirely clear from the allegations in the complaint, Plaintiff's claims may be grounded "on" the loan agreement with Beneficial pertaining to the mortgage on the Property, *and* the Deed of Trust securing the loan. *Cf. Onwumbiko v. JP Morgan Chase Bank, N.A.*, Civ. Action No. 8:12-cv-01733-AW, 2012 WL 6019497, at *3 (D.Md. Nov. 30, 2012) ("In this case, Plaintiff has not asserted his action on the deed of trust in question. Rather, Plaintiff's fraud, consumer protection, and fair lending claims are almost entirely based on allegations of false advertising and conspiratorial conduct that is extraneous to the deed of trust."). Thus, a twelve-year statute of limitations may apply to Plaintiff's claims and it is not apparent from the face of the complaint that her claims are time-barred. Indeed, in its reply memorandum, Defendant does not respond to Plaintiff's argument regarding the application of

a twelve-year statute of limitations to her claims. As will be seen, however, Plaintiff's claims against Beneficial do not survive dismissal because they fail to state a claim for breach of contract and fraudulent misrepresentation.

**2. Breach of Contract**

**a. Standard of Review**

Defendant argues that Plaintiff fails to state a claim for breach of contract and fraudulent misrepresentation. The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). A plaintiff's complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).

At this stage, all well-pleaded allegations in a complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and all factual allegations must be construed in the

light most favorable to the plaintiff, *see Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (*citing Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). In evaluating the complaint, unsupported legal allegations need not be accepted. *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). Legal conclusions couched as factual allegations are insufficient, *Iqbal*, 556 U.S. at 678, as are conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] . . . that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (*quoting* Fed.R.Civ.P. 8(a)(2)). Thus, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

**b. Analysis**

To state a claim for breach of contract in Maryland, a plaintiff must allege that a contractual obligation exists and that the defendant has breached that obligation. *See Continental Masonry Co. v. Verdel Constr. Co.,* 279 Md. 476, 480

(1977). Plaintiff alleges that Beneficial never fulfilled its obligations under the loan agreement because Beneficial did not loan its own funds to satisfy the loan agreement. (ECF No. 2 ¶ 25). Plaintiff contends that Beneficial did not actually have the funds on hand to lend to Plaintiff, but instead "created" the money by taking Plaintiff's loan agreement and pledging that agreement to the Federal Reserve in exchange for a loan to Beneficial, which Beneficial then used to loan Plaintiff the money for her mortgage. (*Id.* ¶¶ 9, 11). Plaintiff argues that Beneficial used her loan agreement to generate funds in her own name; therefore, that money belonged to her. (*Id.* ¶¶ 13, 51). Consequently, Plaintiff believes that attempts to foreclose on her home based on her alleged failure to satisfy her payment obligations under the loan agreement would be improper. (*Id*. ¶¶ 48, 49).

Plaintiff's breach of contract claim is premised on what is known as the "vapor money" theory. "The 'vapor money' theory states that any debt based upon a loan of credit rather than legal tender is unenforceable." *Andrews v. Select Portfolio Servicing, Inc.*, Civil No. RDB-09-2437, 2010 WL 1176667, at *3 (D.Md. Mar. 24, 2010). As one reviewing court summarized:

> Plaintiff alleges that the promissory note he executed is the equivalent of "money" that he gave to the bank. He contends that [the lender] took his "money," i.e., the promissory note, deposited it into its own

> account without his permission, listed it as an "asset" on its ledger entries, and then essentially lent his own money back to him. . . . He further argues that because [the lender] was never at risk, and provided no consideration, the promissory note is void *ab initio*, and Defendants' attempts to foreclose on the mortgage are therefore unlawful.

*Demmler v. Bank One NA*, No. 2:05-CV-322, 2006 WL 640499, at *3 (S.D.Ohio. Mar. 9, 2006). Claims based on "vapor money" theory have "been consistently rejected by federal courts as frivolous and insufficient to withstand a motion to dismiss." *Andrews v. Select Portfolio Servicing, Inc.,* No. 09-2437, 2010 WL 1176667, at *3 (D.Md. Mar. 24, 2010); *see also Mosley-Sutton v. MacFayden*, No. 10-1130, 2011 WL 2470083, at *3 (D.Md. Jun. 17, 2011) ("all claims based upon any variation of the vapor money theory must be dismissed."); *Gallant v. Deutsche Bank Nat. Trust Co.*, 766 F.Supp.2d 714, 722 (W.D.Va. 2011) (holding that complaints based on vapor money, unlawful money, and *ultra vires* theories fail to state a cognizable claim against defendant, and such claims are subject to dismissal); *McLaughlin v. CitiMortgage, Inc.*, 726 F.Supp.2d 201, 218 (D.Conn. 2010) (rejecting vapor money claims and holding that a check issued by a bank or mortgage company does not need to be legal tender for a loan to be valid); *Tonea v. Bank of Am., N.A.*, 6 F.Supp.3d 1331, 1344-45 (N.D.Ga. 2014) (dismissing claims based on the "vapor money" theory, calling it a "convoluted and nonsensical

argument that a plaintiff does not owe the money advanced by the lender on his loan because the indebtedness was not funded by the lender with actual money.”).

Plaintiff’s only basis for arguing that Beneficial breached the contract deals with the “vapor money” theory. Plaintiff does not allege that Beneficial failed to provide a credit line as part of the loan agreement, nor does she point to a specific provision of the contract that Beneficial allegedly breached. Indeed, before defaulting, Plaintiff made monthly payments pursuant to the loan agreement. Accordingly, the breach of contract claim against Beneficial will be dismissed.

**3. Fraudulent Misrepresentation**

Plaintiff also asserts a fraudulent misrepresentation claim against Beneficial. (ECF No. 2 ¶¶ 53-59). To state a claim for fraudulent misrepresentation under Maryland law, a plaintiff must allege: (1) that the defendant made a false representation to the plaintiff, (2) that its falsity was either known to the defendant or that the representation was made with reckless indifference as to its truth, (3) that the misrepresentation was made for the purpose of defrauding the plaintiff, (4) that the plaintiff relied on the misrepresentation and had the right to rely on it, and (5) that the plaintiff suffered compensable injury resulting from the misrepresentation. *Alleco, Inc. v. Harry & Jeanette Weinberg Found., Inc.*, 340 Md. 176, 195 (1995).

Plaintiff's claim alleging fraud also is subject to the heightened pleading standard of Fed.R.Civ.P. 9(b). *Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776, 783–84 (4th Cir. 1999). Rule 9(b) states that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." The word circumstances "is interpreted to include the 'time, place and contents of the false representation, as well as the identity of the person making the misrepresentation and what [was] obtained thereby.'" *Superior Bank, F.S.B. v. Tandem Nat'l Mortgage, Inc.,* 197 F.Supp.2d 298, 313–14 (D.Md.2000) (quoting *Windsor Assocs. v. Greenfeld,* 564 F.Supp. 273, 280 (D.Md.1983)).

Plaintiff states that the loan agreement "contained false, misrepresentation as to the lender [Beneficial], and [Beneficial] knew that the Plaintiff would rely on such misrepresentation". (ECF No. 2, at ¶ 15). The complaint broadly states that "[f]raud, unconscionability[,] and egregious behavior occurred in the formation of the Note and Deed of Trust; [] Plaintiff was coerced into signing a public debt transaction." (*Id.* ¶ 16). Plaintiff does not point to any specific misrepresentations made by Beneficial, however, let alone with the specificity required under Rule 9(b). In her opposition to the motion to dismiss, Plaintiff again does not

specify the material misrepresentations that allegedly were made by Beneficial. (*See* ECF No. 24). Instead, Plaintiff recites various portions of her complaint, which are immaterial to her claim for fraudulent misrepresentation. It may be that Plaintiff believes that Beneficial was required to disclose how it would fund Plaintiff's loan, and to disclose that Beneficial would use her loan agreement to obtain a loan from the Federal Reserve. (ECF No. 2 ¶ 54). Insofar as the factual allegations supporting a fraudulent misrepresentation claim are grounded in the "vapor money" theory, they fail for the same reasons discussed above. Moreover, Plaintiff has not pled any of the elements for a fraudulent misrepresentation claim. Accordingly, the fraudulent misrepresentation claim will be dismissed.

**B. Motion for Leave to Amend Complaint**

After Defendant's motion to dismiss was fully briefed, Plaintiff moved for leave to amend her complaint. (ECF No. 28). Rule 15(a)(1) permits a party to amend its pleading once as a matter of course within 21 days after serving it; or 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). The court should deny leave to amend

only when "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (citation and internal quotation marks omitted); *Keller v. Prince George's Cnty.*, 923 F.2d 30, 33 (4th Cir. 1991) (upholding district court order denying plaintiff leave to amend his complaint to include claims that were barred by the applicable statute of limitations because such amendment would be futile). "An amendment is futile when the proposed amendment is clearly insufficient or frivolous on its face, or if the amended claim would still fail to survive a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)." *El-Amin v. Blom*, No. CCB-11-3424, 2012 WL 2604213, at *11 (D.Md. July 5, 2012) (internal citations and quotation marks omitted).

Plaintiff moved to amend section three of her complaint relating to "general allegations facts common to all counts." (ECF No. 28). Plaintiff wishes to add "adverse credit reporting" and "emotional distress and suffering" as damages for the alleged breach of contract and fraudulent misrepresentation.[6] (ECF No. 28, at 1).

[6] Plaintiff also asserts four new claims in her proposed amendment: fraud; libel; slander of title; and violation of constitutional rights. Plaintiff offers no factual allegations to support any of these claims, however.

As Beneficial argues, "Plaintiff's proposed, one-page amendment lists only new forms of alleged harm" and otherwise "adds no new facts relevant to her purported fraud or breach of contract claims." (ECF No. 29, at 2). Plaintiff also includes an "affidavit of fact" as an exhibit to her motion for leave to amend. (ECF No. 28-1). The alleged facts set forth in Plaintiff's affidavit of fact are tied to her "vapor money" theory, however, and otherwise do not cure the deficiencies in the original complaint as to the breach of contract and fraudulent misrepresentation claims. Accordingly, Plaintiff's motion for leave to amend the complaint will be denied.

## III. Conclusion

For the foregoing reasons, Beneficial's motion to dismiss Counts I and II of the complaint will be granted. Plaintiff's motion for leave to file an amended complaint will be denied. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge