IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| | : |
| RONDA LYNNETTE SHORT EVANS | |
| | : |
| v. | : Civil Action No. DKC 14-1994 |
| | : |
| THE FISHER LAW GROUP, PLLC, | |
| et al. | : |

## MEMORANDUM OPINION

Presently pending and ready for review in this consumer lending case are: a motion for summary judgment filed by Defendants Caliber Home Loans, Inc. and The Fisher Law Group, PLLC (collectively, the "Defendants") (ECF No. 34); and a cross-motion for summary judgment filed by Plaintiff Ronda Lynnette Short Evans ("Plaintiff") (ECF No. 36). The relevant issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Defendants' motion for summary judgment will be granted and Plaintiff's motion for summary judgment will be denied.

## I.   Background

### A.   Factual Background

On December 27, 2005, Plaintiff obtained a home mortgage refinance loan from Beneficial Mortgage Company of Maryland ("Beneficial"), secured by a Deed of Trust against the property located at 503 Cretia Place, Upper Marlboro, Maryland ("the Property"). (*See* ECF Nos. 2-1; 20-2). Plaintiff defaulted on

the loan, and The Fisher Law Group, PLLC ("Fisher") was retained in October 2012 to foreclose on Plaintiff's Deed of Trust. (ECF No. 34-2 ¶ 4). On December 3, 2012, Fisher sent a letter to Plaintiff providing her with a notice of intent to foreclose. (ECF No. 34-3). Plaintiff sent multiple letters to Fisher requesting information and alleging various violations of consumer protection laws. (ECF No. 34-4). On January 9, 2013, Fisher responded and provided additional information verifying the loan and the deed. (ECF No. 34-5). Over the course of the following year, Plaintiff continued to send correspondence, and, on March 26, 2014, in response to "several letters" from Plaintiff, Fisher sent another letter confirming information about her loan. (ECF Nos. 34-2 ¶ 8; 34-6).

On December 20, 2013, Beneficial sold Plaintiff's loan to LSF8 Master Participation Trust. On January 9, 2014, Caliber Home Loans, Inc. ("Caliber") sent Plaintiff a "Notice of Sale of Ownership of Mortgage Loan," informing her that the loan was sold to LSF8 Master Participation Trust and that Caliber was the new loan servicer. (ECF No. 2-2). On January 16, 2014, Beneficial mailed Plaintiff its own notice, instructing her to send to Caliber all payments due on or after February 1, 2014. (ECF No. 2-5). On February 12, Caliber sent a letter to Plaintiff titled, "Important Information Regarding the Servicing of Your Mortgage Loan." (ECF No. 2-6, at 1). The letter

confirmed that the servicing of Plaintiff's mortgage loan was transferred from Beneficial to Caliber, and that Plaintiff should have begun sending mortgage loan payments to Caliber as of February 1, 2014. (*Id.* at 1-2). On February 18, Caliber sent a letter to Plaintiff informing her that as of February 13, 2014, VOLT 2013 NPL2 GROUP 3 ("Volt") was the creditor of her loan, and that she had an outstanding debt of $555,013.76 on her mortgage. (ECF No. 2-7).

### B.  Procedural History

On May 7, 2014, Plaintiff filed a complaint in the District Court of Maryland for Prince George's County, naming as Defendants Fisher, Caliber, and Beneficial. (ECF No. 2). Defendants timely removed the action to this court. (ECF No. 1). On February 9, 2015, Plaintiff's claims against Beneficial (Counts I and II) were dismissed. (ECF Nos. 31; 32). The remaining counts allege that Fisher and Caliber each violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. (Counts III and IV). (ECF No. 2, ¶¶ 59-69). Specifically, Plaintiff contends that Fisher violated § 1692g(a) and Caliber violated § 1692e.

On April 8, 2015, Defendants Fisher and Caliber jointly filed the pending motion for summary judgment. (ECF No. 34). Plaintiff filed the pending cross-motion for summary judgment and a response in opposition. (ECF No. 36). Defendants replied

3

to Plaintiff's motion.   (ECF No. 37).   Plaintiff did not file a reply in support of her motion and the time to do so has passed.[1]

## II.  Standard of Review

A court may enter summary judgment only if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.   Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Emmett v. Johnson,* 532 F.3d 291, 297 (4th Cir. 2008).   Summary judgment is inappropriate if any material factual issue "may reasonably be resolved in favor of either party."   *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986); *JKC Holding Co. LLC v. Wash. Sports Ventures, Inc.,* 264 F.3d 459, 465 (4th Cir. 2001).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'"   *Bouchat v. Balt. Ravens Football Club, Inc.,* 346 F.3d 514, 522 (4th Cir. 2003) (*quoting* former Fed.R.Civ.P. 56(e)).   "A mere scintilla of proof . . . will not suffice to prevent summary judgment."   *Peters v. Jenney,* 327 F.3d 307, 314 (4th Cir. 2003).   "If the evidence is merely colorable, or is not significantly probative,

---

[1] On September 29, 2015, Plaintiff filed an "affidavit of truth and facts." (ECF No. 38).  This filing was not timely and is of questionable relevance to this case.  Accordingly, the court will not consider the affidavit or the attached documents.

summary judgment may be granted." *Liberty Lobby,* 477 U.S. at 249-50 (citations omitted).   At the same time, the court must construe the facts that are presented in the light most favorable to the party opposing the motion. *Scott v. Harris,* 550 U.S. 372, 378 (2007); *Emmett,* 532 F.3d at 297.

"When cross-motions for summary judgment are before a court, the court examines each motion separately, employing the familiar standard under Rule 56 of the Federal Rules of Civil Procedure." *Desmond v. PNGI Charles Town Gaming, LLC,* 630 F.3d 351, 354 (4th Cir. 2011).   The court must deny both motions if it finds there is a genuine dispute of material fact, "[b]ut if there is no genuine issue and one or the other party is entitled to prevail as a matter of law, the court will render judgment." 10A Charles A. Wright, et al., *Federal Practice & Procedure* § 2720 (3d ed. 1998).

## III. Analysis

### A.   Section 1692g Claim Against Fisher (Count III)

Plaintiff alleges that Fisher violated § 1692g(a) "by not naming the creditor to whom the debt was owed in any communication [Fisher sent to] Plaintiff."   (ECF No. 2 ¶ 61). Section 1692g(a) requires that:

> [w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial

> communication or the consumer has paid the
> debt, send the consumer a written notice
> containing: (1) the amount of the debt; (2)
> the name of the creditor to whom the debt is
> owed; (3) a statement that unless the
> consumer, within thirty days after receipt
> of the notice, disputes the validity of the
> debt, or any portion thereof, the debt will
> be assumed to be valid by the debt
> collector; (4) a statement that if the
> consumer notifies the debt collector in
> writing within the thirty-day period that
> the debt, or any portion thereof, is
> disputed, the debt collector will obtain
> verification of the debt or a copy of a
> judgment against the consumer and a copy of
> such verification or judgment will be mailed
> to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's
> written request within the thirty-day
> period, the debt collector will provide the
> consumer with the name and address of the
> original creditor, if different from the
> current creditor.

Plaintiff alleges that two communications from Fisher violated §
1692g(a).[2]

The first communication is a letter dated December 3, 2012,
notifying Plaintiff that Fisher had been retained to foreclose
on her property. (ECF No. 34-3, at 2). Defendants argue that
Plaintiff's FDCPA claim as to this communication is barred by
the relevant one-year statute of limitations. 15 U.S.C. §
1692k(d) (allowing an action to be brought "within one year from
the date on which the violation occurs"). Plaintiff counters

---

[2] In support of her motion for summary judgment, Plaintiff
includes conclusory allegations that Fisher violated §§ 1692g(b)
and 1692e, but Plaintiff did not plead such violations and her
assertions are not supported by the record.

that Fisher is in continued violation of the FDCPA because it has failed to rectify the alleged defect in its communication. (ECF No. 36-1, at 6). Plaintiff's argument is unavailing because the FDCPA's statute of limitations period begins "from the date of the first violation, and subsequent violations of the same type do not restart the limitations period." *Bey v. Shapiro Brown & Alt, LLP*, 997 F.Supp.2d 310, 316 (D.Md. 2014) (citations and internal quotation marks omitted); *see also Fontell v. Hassett*, 870 F.Supp.2d 395, 404 (D.Md. 2012); *Akalwadi v. Risk Mgmt. Alts., Inc.*, 336 F.Supp.2d 492, 500-01 (D.Md. 2004) ("Generally, the statute of limitations begins to run when a communication violating the FDCPA is sent."). Here, the alleged FDCPA violation was Fisher's purported failure to provide the required information within five days of its December 3, 2012 communication. Plaintiff filed her complaint in state court on May 7, 2014, well more than one year later. (*See* ECF No. 2, at 17). Accordingly, Plaintiff's FDCPA claim against Fisher as to the December 3, 2012 communication is time-barred.

Plaintiff also asserts that Fisher violated § 1692g(a) by failing to name the creditor in its March 26, 2014 communication. (ECF No. 2-6). This communication cannot be the basis of a § 1692g(a) claim because it was not the "'*initial* communication with a consumer in connection with the collection

of any debt.'"  *Hart v. FCI Lender Servs., Inc.*, 797 F.3d 219, 228 (2$^d$ Cir. 2015) (emphasis in original) (quoting 15 U.S.C. § 1692g(a)).  Indeed, "there is only one claim and one recovery of damages regardless of the number of collection communications sent without complying with § 1692g."  *Id.* (citation omitted). Fisher's March 26 communication clearly was not the initial communication Fisher sent in connection with the collection of Plaintiff's debt.  (*See* ECF Nos. 34-3; 34-5; 36-8). Accordingly, Fisher's March 26, 2014 letter did not violate § 1692g.

**B.  Section 1692e Claim Against Caliber (Count IV)**

Plaintiff alleges that Caliber violated § 1692e "when it sent . . . letters naming two different creditors and account numbers misrepresenting the legal status of an alleged debt; and confusing the Plaintiff as to who the current creditor actually is."[3]  (ECF No. 2 ¶ 67).  Section 1692e forbids a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."  The statute "provides a non-exhaustive list of prohibited conduct." *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 135 (4th Cir. 1996).  In relevant part, this list includes a prohibition

---

[3]  In support of her motion for summary judgment, Plaintiff also briefly asserts that Caliber's February 18, 2014 letter violates § 1692g, but Plaintiff did not plead this claim and it is not supported by the record.

on the "false representation of . . . the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). Plaintiff asserts that Caliber's communications on January 9, February 12, and February 18, 2014, which name two different creditors and account numbers, violate § 1692e(2)(A) by misrepresenting the legal status of her debt. (ECF No. 2 ¶ 67). Defendants contend that §1692e does not apply because the communications were not "in connection with the collection of any debt." (ECF No. 34-1, at 9). Furthermore, Defendants argue that the "letters are not deceptive or misleading in any way; rather they informed Plaintiff about the owner of her loan at two different points in time." (*Id.* at 10).

Defendants first assert that § 1692e does not apply because none of the communications were "an act to collect a debt." (ECF No. 37, at 11 (citing *Chaudhry v. Gallerizzo*, 174 F.3d 394, 410 (4th Cir. 1999)). Defendants' reading of the statute is too limited. First, *Chaudhry* is inapposite because it concerned sections of the FDCPA that contain narrower language than § 1692e(2)(A), the provision Plaintiff asserts here. *See Chaudhry*, 174 F.3d at 407, 410. Moreover, the United States Court of Appeals for the Fourth Circuit held, subsequent to *Chaudhry*, that "to be actionable under [§ 1692e], a debt collector needs only to have used a prohibited practice '*in connection with* the collection of any debt.'" *Powell v.*

*Palisades Acquisition XVI, LLC*, 782 F.3d 119, 124 (4th Cir. 2014) (emphasis in original).   In *Powell*, the Fourth Circuit rejected the district court's reasoning that the FDCPA did not apply to the filing of an assignment of judgment in a debt collection action simply because the defendants still "had to take separate action to collect any money" from the plaintiff.   *Id.* at 123. Instead, the court looked at the factual context of the action and determined that it was clearly made "in connection" with the collection of the judgment debt.   *Id.* at 124-25.

It is a more difficult question as to whether Caliber's February 12 and 18 communications were made in connection with the collection of a debt.   These two letters formally

Here, a close look at the factual context of the communications reveals that the January 9 letter was not sent in connection with the collection of the debt and therefore cannot be the basis for a violation of § 1692e(2)(A).   (ECF No. 2-2). The January 9 letter was merely a notice of sale of ownership of Plaintiff's loan.   The communication did not advance Caliber's effort to collect the debt.   It did not include any information about the amount currently due, and it did not request a payment or any action by Plaintiff.   Rather, Caliber sent the letter to alert Plaintiff to the fact that the loan had been sold and to provide updated contact information.   Accordingly, Caliber's January 9 communication did not violate § 1692e(2)(A).

It is a more difficult question as to whether Caliber's February 12 and 18 communications were made in connection with the collection of a debt.   These two letters formally

established Caliber's debt collection relationship with Plaintiff and provided detailed information about the debt and payment instructions. In addition, both communications stated, "This is an attempt by a debt collector to collect a consumer debt and any information obtained will be used for that purpose." (ECF Nos. 2-6; 2-7). Although "the use of such a disclaimer 'does not automatically trigger the protections of the FDCPA,'" *Boosahda v. Providence Dane LLC*, 462 F.App'x 331, 334 (4th Cir. 2012), such a statement weighs in favor of a determination that the communications were made in connection with debt collection. On the other hand, both letters were informational in nature, and neither was sent explicitly to collect a payment. Ultimately, it is not necessary to determine if the two February communications were made in connection with the collection of debt because neither communication was false or misleading under § 1692e(2)(A).

"Whether a communication is false, misleading, or deceptive in violation of § 1692e is determined from the vantage of the 'least sophisticated consumer.' The least-sophisticated consumer test is an objective standard that evaluates § 1692e claims based upon how the least sophisticated consumer would interpret the allegedly offensive language." *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 383, 394-95 (4th Cir. 2014) (quoting *Nat'l Fin. Servs., Inc.*, 98 F.3d at 136). "A

logical corollary of the least sophisticated consumer test is that false, deceptive, and misleading statements must be *material* to be actionable." *Powell*, 782 F.3d at 126 (emphasis in original) (citations omitted).

Here, there is nothing in Caliber's letters that is false, deceptive, or misleading. First, Plaintiff asserts that she was misled by the existence of two different account numbers, but the letters clearly stated that one is the new "Caliber Account Number" and the other is the "Prior Servicer Account Number." (ECF No. 2-6). These account numbers are consistent with the account numbers used in other communications. (*See* ECF Nos. 2-2; 2-5; 34-6, at 3). In addition, Plaintiff contends that the February 18, 2014 letter was false or misleading because it named a different creditor than earlier communications, but nothing in the record indicates that the creditor was ever named incorrectly or in a misleading manner. Rather, the February 18 letter indicated that Volt was the creditor as of February 13, 2014. (ECF No. 2-7). Earlier communications indicated that other creditors owned Plaintiff's loan at earlier dates. (ECF No. 2-2). Finally, Plaintiff contends that the letters were false or misleading regarding Caliber's status as servicer of her loans. (ECF No. 36-1, at 10-11). Both of the February letters, however, accurately described when Caliber began

servicing the loans.[4]   (ECF Nos. 2-7 (noting that Caliber "recently acquired the servicing" of the loans); 2-6, at 1 ("On February 1, 2014, the servicing of your mortgage loan transferred."); *see also* ECF No. 2-5 (letter from Beneficial noting transfer "effective January 31, 2014")).   Moreover, Caliber's February 12, 2014 letter conveyed clear details regarding the servicing transfer, included her old and new account numbers, and provided the new process for making payments.   (ECF No. 2-6, at 1-2).   This information was in accord with the most recent information Plaintiff received from her old servicer regarding the transfer (ECF No. 2-5), and with the information subsequently provided by Fisher at Plaintiff's request (ECF No. 34-6, at 3).   Accordingly, neither of Caliber's February communications was false, deceptive, or misleading in violation of § 1692e.

**IV.  Conclusion**

For the foregoing reasons, Defendants' motion for summary judgment will be granted and Plaintiff's motion for summary judgment will be denied.   A separate order will follow.

                                        /s/
                              DEBORAH K. CHASANOW
                              United States District Judge

---

[4]   It appears that Caliber's January 9, 2014 letter incorrectly asserted that Caliber had already begun servicing Plaintiff's loans.   (ECF No. 2-2).   It is not necessary to determine if this violates § 1692e because this communication was not made in connection with the collection of a debt.